UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| EMMANUEL SMITH, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 5: 21-036-DCR |
| V. | ) ) | |
| TRANSUNION, LLC, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant OneMain Financial Group, LLC ("OneMain") has filed a motion to dismiss Plaintiff Emmanuel Smith's claims and compel arbitration in this matter. [Record No. 14] OneMain's motion was filed on February 23, 2021. However, as of this date, Smith has failed to file a response. Based on the authorities cited in OneMain's motion, the motion will be granted.

**I.**

Smith's Complaint identifies OneMain as a foreign national banking institution that furnished his personal financial information to credit reporting agencies. [Record No. 1, ¶¶ 1, 12] According to OneMain, it extended a personal loan to Smith in February 2012. [Record No. 14, p. 2] The parties contemporaneously executed an arbitration agreement. [Record No. 14-1] It states, in relevant part:

> **THIS ARBITRATION AGREEMENT PROVIDES THAT ALL DISPUTES BETWEEN BORROWER . . . AND LENDER, . . . EXCEPT THOSE SPECIFIED BELOW, WILL BE RESOLVED BY MANDATORY, BINDING ARBITRATION. YOU THUS GIVE UP YOUR RIGHT TO GO TO COURT TO ASSERT OR DEFEND YOUR**

> RIGHTS (EXCEPT FOR MATTERS THAT ARE EXCLUDED FROM ARBITRATION AS SPECIFIED BELOW).
>
> As used in this Arbitration Agreement, . . . "[c]laim" means any case, controversy, dispute, tort, disagreement, lawsuit, or claim now or hereafter existing between [Borrower] and [Lender]. A [c]laim includes, without limitation, anything related to: . . . [a]ny federal or state statute or regulation, or any alleged violation thereof, including without limitation insurance, usury, and lending laws; . . . or . . . [a]ny dispute about closing, servicing, collecting, or enforcing a Credit Transaction.

[*Id.* at p. 1] Claims related to the transfer or ownership of real property and those "seek[ing] monetary relief in the aggregate of $15,000.00 or less in total relief" were excluded from the agreement. [*Id.*]

The Complaint alleges that, at some point in July 2020, Smith discovered that "several furnishers [including OneMain] were inaccurately and falsely reporting late payments while simultaneously reporting a zero balance" to credit reporting agencies. [Record No. 1, ¶ 15] The false reports allegedly were made by lenders OneMain, People Driven Credit Union, and Affirm, Inc. (*i.e.*, "the furnishers"). [*Id.* at ¶ 1] Smith claims to have disputed the reports, but contends that the reports were not corrected. Through this action, he asserts that the furnishers failed to investigate and correct the reports in violation of 15 U.S.C. § 1681s-2(b). [*Id.* at ¶¶ 34-42]

The Complaint also contains additional allegations against two credit reporting agencies that are not at issue here. [*Id.* at Count I and II]

## II.

OneMain has moved to enforce the arbitration agreement and dismiss Smith's claims against it. The Federal Arbitration Act ("FAA") provides that a "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy

thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Before compelling an unwilling party to arbitrate, [a] court must engage in a limited review to determine whether the dispute is arbitrable." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003) (citing *AT&T Techs. v. Communications Workers of Am.*, 475 U.S. 643, 649 (1986)). Specifically, a court must make four determinations:

> first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). The Court will address these four considerations in turn.

First, Smith agreed to arbitrate his claims with OneMain. The tendered agreement is signed by Smith, and it specifically and emphatically indicates that it is an arbitration agreement. [Record No. 14-1] When a court is faced with a signed agreement, it presumes that the parties entered the agreement knowingly unless there are allegations of fraud or deceit. *See Stout*, 228 F. 3d at 715 (enforcing an arbitration agreement based on the plaintiff's signature and the lack of "evidence contrary to that evident in the record"). Thus, without any suggestion by Smith that casts doubt on the signed agreement, the Court concludes that parties agreed to generally arbitrated any claims between them.

Second, Smith agreed to arbitrate *this claim* with OneMain. There is a general presumption that an arbitration clause covers all claims between agreeing parties, "unless it

may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 576–77 (6th Cir. 2003) (quotation omitted). Here, the scope of the agreement covers Smith's claim. It specifically covers claims related to federal statutes and concerning credit transactions. [Record No. 14-1] The only exceptions listed do not appear to be relevant. Thus, Smith's claim falls within the substantive scope of the arbitration agreement.

Next, Smith's statutory claim is arbitrable. His claim arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* This Court has compelled similar claims to arbitration before. *Yaroma v. Cashcall, Inc.*, 130 F. Supp. 3d 1055, 1065-66 (E.D. Ky. 2015). Further, the District Court for the Western District of Kentucky has observed that "[t]here is no indication that Congress intended to preclude the arbitration of FCRA claims and courts have held that such claims are arbitrable." *McMahan v. Byrider Sales of Indiana S, LLC*, No. 3:17-CV-00064-GNS, 2017 WL 4077013, at *4 (W.D. Ky. Sept. 14, 2017) (collecting cases). Additionally, Smith's claim is within the scope of the FAA because it involves commerce. The Supreme Court has "interpreted the term 'involving commerce' in the FAA as the functional equivalent of the more familiar term 'affecting commerce'—words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power." *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56, 123 S. Ct. 2037, 2040, 156 L. Ed. 2d 46 (2003). This broad interpretation led this Court to conclude that "debt attributable to loans originating out-of-state" are transactions involving commerce under the FAA. *Yaroma*, 130 F. Supp. 3d at 1060. Therefore, the Court concludes that Smith's FCRA claim is arbitrable.

A final consideration is whether the Court should dismiss Smith's claim or stay it pending arbitration. Section 3 of the FAA provides that, "on application of one of the parties," a court shall "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C.A. § 3.  Notwithstanding Section 3, the Sixth Circuit has recognized that "litigation in which all claims are referred to arbitration may be dismissed." Hensel v. Cargill, Inc., 198 F.3d 245, 1999 WL 993775, at *4 (6th Cir.1999) (unpublished table decision) (citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)).  Although Smith has named multiple defendants in this action, OneMain is the only one that has moved to dismiss and compel arbitration.  And the above analysis reflects that all issues raised by Smith's singular claim against OneMain are subject to arbitration.  Thus, dismissal, rather than a stay, of Smith's claim against OneMain is appropriate.

Accordingly, it is hereby

**ORDERED** as follows:

1.     Defendant OneMain Financial Group, LLC's motion to dismiss and compel arbitration [Record No. 14] is **GRANTED**.

2.     Plaintiff Emmanuel Smith's claims against Defendant OneMain Financial Group, LLC, are **DISMISSED**, with prejudice.

3.     This Order does not affect the plaintiff's claims against remaining defendants.

Dated: March 22, 2021.

                                Danny C. Reeves, Chief Judge
                                United States District Court
                                Eastern District of Kentucky